IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAROLD STINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WENEROWICZ, et al. | : | NO.  13-1814 |

## REPORT AND RECOMMENDATION

ELIZABETH T. HEY, U.S.M.J.                                      June 13, 2013

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C.

§ 2254, by Harold Stinson, who is currently incarcerated at the State Correctional

Institution in Graterford, Pennsylvania.  For the reasons that follow, I recommend that the

petition be stayed pending the state courts' consideration of Stinson's claim relying on

the United States Supreme Court's recent decision in Miller v. Alabama, ___ U.S. ___,

132 S.Ct. 2455 (2012).

## I.      FACTS AND PROCEDURAL HISTORY[1]

On July 14, 1993, after a bench trial, the Honorable Robert Latrone of the Court of

Common Pleas of Philadelphia found Stinson guilty of second-degree murder, voluntary

manslaughter, robbery, conspiracy and possessing instruments of crime.   See

Commonwealth v. Stinson, No. CP-51-CR-0522911-1992, Docket Sheet (Phila. C.C.P.).

On December 1 1994, Judge Latrone sentenced Stinson to life imprisonment on the

---

[1]Because Stinson has a pending post-conviction petition pending in the state
courts, I was unable to obtain the state court record in this case.  The facts and procedural
history are derived from the petition, the response and attached exhibits, and the state
court docket.

murder charge and concurrent prison terms of 5 -to- 10 years for conspiracy and 6 -to- 12

months for possessing instruments of crime.  Id.

Stinson filed  a direct appeal arguing that the evidence was insufficient to support

his conviction.  On January 12, 1996, the Superior Court affirmed the judgment of

conviction.  Commonwealth v. Stinson, No. 4316 Phila. 1994 (Pa. Super. Jan. 12, 1996).

Stinson did not seek review in the Pennsylvania Supreme Court.  See Doc. 1 ¶ 9(g).

In November 1996, Stinson filed a petition pursuant to Pennsylvania's Post

Conviction Relief Act, ("PCRA"), 42 Pa. C.S.A. §§ 9541-9551.  The trial court dismissed

the petition in late October or early November 1998.[2]  It does not appear that Stinson

appealed the denial of PCRA relief.

Stinson filed a second PCRA petition on July 6, 2010, challenging the life

sentence imposed for his second-degree murder conviction.  On August 16, 2012, Stinson

filed a supplement to his PCRA petition, relying on Miller.[3]  That petition remains

pending in the state courts.

On March 29, 2013, Stinson filed this petition for habeas corpus and an attached

memorandum of law challenging his life sentence, relying on Miller.  See Docs. 1, 1-1.

---

[2]The docket sheet reflects neither the filing nor the disposition of the PCRA petition.  However, both Stinson and the District Attorney refer to the petition.  The District Attorney identifies the disposition date as November 3, 1998, while Stinson claims the petition was denied on October 30, 1998.  The disposition date of the petition is not relevant to the adjudication of Stinson's current habeas petition.

[3]On June 25, 2012, the Supreme Court held that mandatory life imprisonment without parole for those under the age of 18 at the time the crime was committed violates the Eighth Amendment of the Constitution.  Miller, 132 S.Ct. at 2474.

In his memorandum, Stinson asks that the court order the Pennsylvania courts to resentence him in accordance with Miller, or "order interim relief as [the court] deems appropriate." Doc. 1-1 at 4. Because Stinson's Miller claim is unexhausted and pending in the state court, on May 17, 2013, the District Attorney filed a response, asking the court to either dismiss the case or stay consideration of the petition pending completion of the proceedings on Stinson's second PCRA petition. See Doc. 4 at 8.

## II.  DISCUSSION

Absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner give the state courts an opportunity to review his allegations of error before seeking relief in the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),

> [a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

Stinson's Miller claim is clearly unexhausted. It is currently pending before the trial court in a PCRA petition. In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court recognized that the exhaustion requirement can conflict with AEDPA's one year statute of limitations. The Supreme Court specifically considered the issue of mixed petitions, those containing both exhausted and unexhausted claims, observing that

> [a]s a result of the interplay between AEDPA's 1-year statute
> of limitations and [Rose v.] Lundy's dismissal requirement,
> [455 U.S. 509 (1982)] petitioners who come to federal court
> with "mixed" petitions run the risk of forever losing their
> opportunity for any federal review of their unexhausted
> claims.

Id. at 275.  In such cases, if the petitioner can show good cause for failing to exhaust and

that his unexhausted claims have potential merit, the Court approved the use of a "stay

and abey" procedure.  By staying the federal petition rather than dismissing it, a petitioner

can complete the state procedures necessary to comply with AEDPA's exhaustion

requirement without the need to re-file at a point in time that might be outside of the

statute of limitations.  This procedure protects the concerns of both comity and finality by

giving the state courts the first opportunity to address the unexhausted claims and

preserving the petitioner's exhausted claims from an untimely fate if the federal court

were to dismiss a mixed petition.  Id. at 278.  Whether to stay a petition under Rhines is

discretionary with the district court, guided by the timeliness concerns at issue.  Id. at 277-

78.

The Third Circuit subsequently held that Rhines was not limited only to mixed

petitions, i.e., petitions raising both exhausted and unexhausted claims, but was

applicable to cases presenting only unexhausted claims.  Heleva v. Brooks, 581 F.3d 187

(3d Cir. 2009).  The Third Circuit cited to the Supreme Court decision in Pace v.

DiGuglielmo, 544 U.S. 408 (2005), in holding that a petitioner may file a "protective"

petition, even when the petition contains only unexhausted claims.  In addition, the Third

Circuit, relying on language in Pace, concluded that "[a] petitioner's reasonable confusion

about whether a state filing would be timely will ordinarily constitute 'good cause' [satisfying the test laid out in <u>Rhines</u>] for him to file in federal court." <u>Heleva</u>, 581 F.3d at 191 (quoting <u>Pace</u>, 544 U.S. at 416).

Despite the fact that Stinson has not specifically asked the court to stay consideration of his habeas petition, I can find no impediment to doing so under the circumstances presented. <u>See</u> <u>Harris v. Beard</u>, 393 F. Supp.2d 335, 337-38 (E.D. Pa. 2005) (court has authority to consider sua sponte whether to maintain a case in suspense). Within one month of a Supreme Court decision which may directly impact his sentence, Stinson filed a PCRA petition in the state court. Subsequently, he filed a protective habeas in this court to ensure federal review if he is unsuccessful in obtaining relief in the state court.[4] Depending on the retroactive effect of <u>Miller</u>, Stinson's sentence may have to be revisited by the state court.[5] The District Attorney suggests that the trial court has been holding Stinson's PCRA petition awaiting the Pennsylvania Supreme Court's decision in <u>Commonwealth v. Cunningham</u>, No. 38 EAP 2012 (Pa., argued Sept.

---

[4]If <u>Miller</u> is held to apply retroactively to cases on collateral review, Stinson would have one year from the date of the <u>Miller</u> decision (June 25, 2012) to file a timely habeas petition in this court. <u>See</u> 28 U.S.C. § 2244(d)(1)(C).

[5]The District Attorney concedes that at the time of Stinson's crimes, he was 16 years and 7 months old. Doc. 4 at 1. At the time Stinson was sentenced, Pennsylvania law provided for a mandatory term of life imprisonment for second-degree murder, regardless of the age of the defendant at the time of the crime. <u>See</u> 18 Pa. C.S.A. §1102(b). After <u>Miller</u>, the statute was amended to establish a mandatory prison term of 30 years to life for second-degree murder committed by a person 15 or older (but under 18). <u>See</u> 18 Pa. C.S.A. § 1102.1(c)(1). The amendment applied prospectively to those convicted after June 24, 2012.

12, 2012), in which the court has been asked to determine whether <u>Miller</u> applies retroactively to cases that were final when <u>Miller</u> was decided.[6]

Under the circumstances, staying consideration of Stinson's petition is consistent with both <u>Rhines</u> and Stinson's interests in preserving an opportunity for federal review. If Stinson is unsuccessful in obtaining relief in the state court, he may then reactivate this federal petition once his <u>Miller</u> claim is exhausted. Therefore, I recommend that his habeas petition be placed in suspense and that Petitioner and Respondents notify this court within thirty days of the conclusion of the state court proceedings, so that the habeas petition may proceed in this court if necessary.

---

[6]In <u>Commonwealth v. Batts</u>, ___ A.3d ___, 2013 WL 1200252 (Pa. Mar. 26, 2013), the Pennsylvania Supreme Court determined that <u>Miller</u> applies to cases that were not final at the time of the <u>Miller</u> decision.

For the foregoing reasons, I make the following:

## <u>R E C O M M E N D A T I O N</u>

AND NOW, this 13th day of June , 2013, IT IS

RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be

placed in suspense pending Petitioner's exhaustion of state court remedies. IT IS

FURTHER RECOMMENDED that the court require Petitioner and Respondents to

notify the court within thirty days of the conclusion of the state appellate proceedings so

the habeas petition may proceed in this court. Petitioner may file objections to this

Report and Recommendation. <u>See</u> Local Civ. Rule 72.1. Failure to file timely objections

may constitute a waiver of any appellate rights.

/s/ELIZABETH T. HEY

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE